IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIP ACE ROBINSON, #151 337, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-95-WHA |
| | )                [WO] |
| DR. JEAN DARBOUZE, | ) |
| | ) |
| Defendant. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on February 6, 2018 while incarcerated at the Easterling Correctional Facility in Clio, Alabama.

On February 9, 2018, the court entered orders directing Plaintiff to submit an inmate account statement reflecting the average monthly balance in his prison account and the average monthly deposits to his account for the six-month period immediately preceding the filing of the instant complaint. Doc. 3. The February 9 order also instructed Plaintiff to inform the court of any change in his address and cautioned him that his failure to comply with this requirement within ten days following an address change would result in dismissal of this action. Doc. 3. On March 2, 2018, Plaintiff filed a notice of change of address indicating he had been transferred to the Bibb Correctional Facility in Brent, Alabama. Doc. 4.

On March 16, 2018, Plaintiff's copy of an order entered on March 6, 2018 was returned to the court marked as undeliverable because Plaintiff is no longer housed at the Bibb Correctional Facility. Accordingly, the court entered an order on March 21, 2018 requiring that by March 30, 2018 Plaintiff file with the court a current address and show cause why this case should not be dismissed for his failure to prosecute this action. Doc. 6. This order specifically advised Plaintiff

this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 6. Plaintiff's copy of the March 21 order was returned to the court on April 3, 2018 marked as undeliverable.

The foregoing makes clear that Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is further ORDERED that **on or before April 19, 2018**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 5th day of April, 2018.

/s/ Gray M. Borden
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE